The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer was non-insured.
4. Plaintiff's average weekly wage is $192.06, which yields a compensation rate of $128.04 per week.
5. Plaintiff suffered an injury by accident to her left hand on May 9, 1990.
6. The issue to be determined by the Commission is whether plaintiff's present condition is related to the injury by accident of May 9, 1990.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. After the injury, plaintiff was treated by various doctors until released by Dr. Flemming on March 5, 1993, and was at that time rated as having sustained a fifteen (15) percent permanent partial disability to the hand and wrist.
2. Dr. Flemming rated plaintiff on March 3, 1993, with a fifteen (15) percent permanent partial disability of the left hand. Furthermore, Dr. Flemming related most, if not all, of plaintiff's symptoms to the injury by accident.
3. Plaintiff was temporarily totally disabled from the date of injury, May 9, 1990 through March 3, 1993, the date to which she was released by Dr. Flemming.
4. Plaintiff has been paid some temporary total disability, but not all that she is entitled to receive.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff suffered an injury by accident arising out of and in the course of her employment on May 9, 1990, as a result of which there are compensable consequences. N.C. Gen. Stat. § 97-2 (6).
2. As a result of the injury by accident, plaintiff was temporarily totally disabled from May 9, 1990 through March 3, 1993, when she was released to return to work. N.C. Gen. Stat. § 97-29.
3. As a result of the injury by accident, plaintiff has suffered a fifteen (15) percent permanent partial impairment to the left hand, and she is entitled to compensation at the rate of $128.04 per week for thirty (30) weeks for that fifteen (15) percent permanent partial impairment. N.C. Gen. Stat. § 97-31 (12).
4. Defendant shall pay all medical expenses incurred by plaintiff when bills for same have been submitted to and approved by the Industrial Commission. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay compensation to plaintiff at the rate of $128.04 per week from May 9, 1990 through March 3, 1993, less what has been previously paid.
2. Defendant shall pay compensation to plaintiff at the rate of $128.04 per week for thirty (30) weeks for the fifteen (15) percent permanent partial impairment plaintiff suffers to the left hand.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for same have been submitted to and approved by the Industrial Commission.
4. An attorney's fee in the amount of twenty-five (25) percent of the award is hereby approved for plaintiff's counsel. Said amount shall be deducted from the aforesaid award and paid directly to plaintiff's counsel.
5. Defendant shall pay the costs due the Commission.
 S/ _________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _________________________ THOMAS J. BOLCH COMMISSIONER
CMV/CNP/tmd 5/5/95